UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE AMANDA SCHURMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN LUKE, JAIL ADMINISTRATOR; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>Defendants. | 4:24-CV-04114-RAL<br><br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |

Petitioner Stephanie Amanda Schurman filed two pro se Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 17, 2024. The matters were referred to United States Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. The two petitions were initially docketed separately—24-CV-4113 and 24-CV-4114—but by order of Judge Duffy, the two cases were consolidated in 24-CV-4114 as the lead case. Respondents Steven Luke and Marty Jackley moved to dismiss Schurman's petitions for failure to state a claim. Doc. 14. Judge Duffy screened the petitions and issued a report and recommendation granting Respondents' motion to dismiss, dismissing Ms. Schurman's petition filed in 24-CV-4113 without prejudice, and dismissing grounds 1 through 4 and 7 in her petition filed in 24-CV-4114 without prejudice and grounds 5 and 6 with prejudice. Doc. 22.

Instead of filing objections to the report and recommendation and seeking de novo review with this Court, Schurman filed a notice of appeal, Doc. 23, and moves for a certificate of appealability. Doc. 24. Schurman also filed a motion for leave to proceed in forma pauperis on appeal, Doc. 25, and a prisoner trust account report. Doc. 26.

I.  **Motion for Certificate of Appealability**

Section 2253 states that "[u]nless a circuit justice or judge issues a certificate of appealability" an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Importantly, § 2253 governs only appeals of "final orders that dispose of the merits of a habeas corpus proceeding." Harbison v. Bell, 556 U.S. 180, 183 (2009). Anything other than a final order disposing a habeas petition on the merits is not subject to § 2253's certificate of appealability requirement. Id. When a petitioner files a certificate of appealability motion in an appeal of an order that fails to dispose of a habeas proceeding on the merits, courts have denied the motions as unnecessary. See Illarramendi v. United States, 906 F.3d 268, 270 (2d Cir. 2018) (holding that a certificate of appealability was not required to appeal an order denying bail); United States v. Fulton, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under [28 U.S.C.] § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not require a COA."); Stansbury v. Commonwealth of Pennsylvania, No. 14–6500, 2015 WL 9450457, at *1 n.2 (E.D. Pa. Nov. 5, 2015) (holding that an "order granting an extension of time within which to file a brief is not a final order, and there is no basis for the Court of Appeals to issue a certificate of appealability.")

In this matter, Schurman is appealing a Report and Recommendation from the Magistrate Judge dismissing her petition. A Report and Recommendation is not a final order. See United

States v. Bevans, 506 F.3d 1133, 1135 (8th Cir. 2007) ("Except where the parties have consented to entry of judgment by a magistrate judge in a civil case . . . an order of a magistrate judge is not a final decision of a district court that may be appealed to this court."). Because the Report and Recommendation is not a "final order[] that dispose[s] of the merits of a habeas corpus proceeding," Schurman's appeal to this Court of the magistrate judge's report and recommendation does not require a certificate of appealability. Harbison, 556 U.S. at 183. Thus, the motion for a certificate of appealability is denied as unnecessary.

## II.   Motion to Proceed In Forma Pauperis

Typically, the filing of a notice of appeal moves jurisdiction from the district court to the appellate court, so it is not for this Court to rule on the timeliness of the filing of the notice of appeal or the merits of the appeal. However, Schurman's attempt to appeal to the United States Court of Appeals for the Eighth Circuit is premature. Regardless, the United States Court of Appeals for the Eighth Circuit historically has looked to the district court to rule on whether an appellant qualifies to proceed in forma pauperis. Schurman's prisoner trust account report indicates that she has average monthly deposits of $0.00 and an average monthly balance of $0.00. Doc. 26. Based on this information, the Court finds that Schurman has insufficient funds to pay the appellate filing fee, and her motion for leave to proceed in forma pauperis on appeal, Doc. 25, is granted. Accordingly, it is

ORDERED that Schurman's motion for a certificate of appealability, Doc. 24, is denied without prejudice to refiling after this Court rules on the pending report and recommendation. It is further

ORDERED that Schurman's motion for leave to proceed in forma pauperis on appeal, Doc. 25, is granted.

DATED this 14th day of November, 2024.

                BY THE COURT:

                _____
                ROBERTO A. LANGE
                CHIEF JUDGE