UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE AMANDA SCHURMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN LUKE, JAIL ADMINISTRATOR; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>Defendants. | 4:24-CV-04113-RAL<br>4:24-CV-04114-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED |

Petitioner Stephanie Amanda Schurman filed two pro se petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 17, 2024. The matters were referred to United States Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. The two petitions were initially docketed separately—24-4113 and 24-4114—but by order of Judge Duffy, the two cases were consolidated.[1]  Respondents Steven Luke and Marty Jackley moved to dismiss Schurman's petitions. Doc. 14. Judge Duffy screened the petitions and issued a Report and Recommendation granting Respondents' motion to dismiss, dismissing Schurman's 4113 petition in its entirety without prejudice, and dismissing grounds 1–4 and 7 in her 4114

---

[1] Court citations to 24-4114 will be to the associated docket number as "Doc." Where this Court cites to the 4113 case, it will use the convention "4113 Doc."

1

petition without prejudice and grounds 5–6 with prejudice. Doc. 22. Instead of filing objections and seeking de novo review with this Court, Schurman appealed Judge Duffy's Report and Recommendation to the United States Court of Appeals for the Eighth Circuit. Doc. 23. The filing of the notice of appeal moved jurisdiction from this Court to the Eighth Circuit, so this Court could not rule on the Report and Recommendation during the pendency of the appeal. On November 22, 2024, the Eighth Circuit dismissed Schurman's appeal for lack of jurisdiction. Doc. 32. Thus, the Report and Recommendation is now ready for review. For the following reasons, this Court adopts the Report and Recommendation as to dismissal of all claims, albeit on different grounds.

I. **Facts and Procedural Background[2]**

At issue in Schurman's petitions are the circumstances surrounding her 2020 and 2022 convictions for possession of controlled substance and the subsequent sentences for each. On December 10, 2018, Schurman was indicted by a Yankton County Grand Jury for unauthorized possession of a controlled substance. 18-715 at 61. Schurman pleaded guilty and received a suspended sentence with 45 days to be served immediately and the remaining 30 days suspended. Id. at 205. She also received 37 days credit for time served and was placed on probation for three years. Id. On July 10, 2019, Schurman's probation officer filed a probation violation report, alleging Shurman left South Dakota without permission and missed urinalysis tests. Id. at 226. Schurman admitted to the violations. Rather than revoke her suspended sentence, the First Judicial Circuit of South Dakota restarted Schurman's 3-year term of probation. Id. at 257. For the

---

[2] This Court takes judicial notice of the court records in Schurman's state criminal cases because the state court filings are public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The facts in this section are gleaned from the records received by the Clerk of Court on July 17, 2024, for Schurman's criminal cases out of Yankton, Minnehaha, and Lincoln counties. This Court will cite to the case number and corresponding pages in the records.

violation, Schurman was sentenced on August 1, 2019, to 79 days in prison with 59 days credit and 80 days suspended. Id.

On August 28, 2019, a second probation violation report was filed alleging Schurman missed a urinalysis test and picked up a new charge. Id. at 263. Pursuant to a plea agreement, Schurman admitted to the new probation violations. Id. at 500. Schurman's suspended sentence was then revoked. Id. at 411. On May 26, 2020, Schurman was sentenced to five years in prison with two years suspended and she was given credit for 127 days time served. Id. at 412–13. Accounting for the good time credit, the start date of her sentence was determined to be January 20, 2020, with a suspended sentence release date of January 20, 2023. Id. at 428. Her sentence discharge date was January 20, 2025. Id. Schurman appealed the revocation of her suspended sentence and her new suspended sentence to the Supreme Court of South Dakota. Id. at 429. The appeal was dismissed as untimely. Id. at 454. Schurman was paroled on October 20, 2020. Doc. 16-1 at 2.

On March 8, 2021, a Yankton County Grand Jury indicted Schurman for possession of a controlled substance and use or possession of drug paraphernalia. 21-155 at 24. On January 13, 2022, the State amended the complaint, adding a count of use or possession of drug paraphernalia. Id. at 801–02. Pursuant to a plea agreement, Schurman pleaded guilty to the possession of a controlled substance charge. Id. at 912–13. On February 8, 2022, Schurman was sentenced to three years in prisons with two years suspended. Id. at 913. She received credit of 162 days for time served, and her sentence was to run concurrent with her sentence in 18-715. Id. Accounting for the good time credit, the start date of her sentence was determined to be August 30, 2021, with a suspended sentence release date of August 30, 2022. Doc. 16-1 at 2. Her sentence discharge date was August 30, 2024. She was paroled on March 31, 2022. Id. at 3.

3

Schurman's release on parole was not a discharge from her sentences. However, Schurman's discharge dates were reduced after accounting for earned discharge credits. Schurman accumulated 306 days of earned discharge credits relating to her 2020 conviction and 214 days relating to her 2022 conviction. Doc. 16-6. Accounting for the earned discharge credits, Schurman's sentence discharge dates became March 20, 2024, for the 2020 conviction and January 29, 2024, for her 2022 conviction. Doc. 16-1 at 2.

Schurman remained on parole until October 13, 2023, when the Parole Board issued an arrest warrant because Schurman absconded from parole. Doc. 16-3. Schurman remained out of compliance with parole conditions until April 18, 2024, when she was arrested in Yankton. Doc. 16-2. Between the filing of the absconder warrant and her arrest in Yankton, Schurman's parole and suspended sentence time was paused. At the time the absconder warrant was filed, Schurman had 109 days left on her 2022 conviction and 160 days left on her 2020 conviction. Thus, her discharge date for the 2022 conviction was extended by 109 days from April 18 to August 5, 2024, and her discharge date for the 2020 conviction was extended by 160 days to September 25, 2024. Doc. 16 at 17. Schurman's sentence in 18-315 ended on August 5, 2024, and her sentence in 21-155 ended on September 25, 2024. She was discharged from Department of Corrections custody on those convictions. Doc. 21-1. However, Schurman remains in custody for pending cases out of Lincoln, Minnehaha, and Yankton counties.

While in custody for both the 2020 and 2022 convictions, Schurman filed the two § 2254 petitions now before this Court. Doc. 1; 4113 Doc. 1. Schurman's 24-4113 petition challenges her 2020 conviction, while her 24-4114 petition challenges her 2022 conviction. The first four grounds for relief in both petitions are identical. In ground 1, Schurman alleges her Fourteenth Amendment Due Process rights were violated because she was held beyond the expiration of her

4

sentences. Doc. 1 at 4–5; 4113 Doc. 1 at 5. In ground 2, Schurman alleges her Fourteenth Amendment Equal Protection rights were violated because her parole officer treated her differently as a pro se litigant when she requested information regarding her sentence calculations. Doc. 1 at 6; 4113 Doc. 1 at 7. In ground 3, Schurman alleges her Sixth Amendment right to self-representation was violated or chilled by her parole officer's alleged differential treatment. Doc. 1 at 7; 4113 Doc. 1 at 8. In ground 4, Schurman alleges her Eighth Amendment "right to bail" was violated because her parole officer told her not to seek bail. Doc. 1 at 8; 4113 Doc. 1 at 10. She also challenges the factual bases for her guilty pleas. Schurman asserts three additional grounds for relief in her 24-4114 petition. In ground 5, Schurman alleges her Fourth Amendment right against unreasonable searches and seizures was violated when police and parole officers searched her home. Doc. 1 at 10. In ground 6, Schurman alleges her right to access the courts was violated because her habeas corpus petitions were filed as motions in her criminal case rather than as a separate civil matter.[3] Id. Lastly, in ground 7, Schurman alleges her Fourteenth Amendment Due Process rights were violated and thus, her conviction invalid, because the evidence log in her case was tampered with and there lacked a chain of custody. Id. at 11.

Respondents move to dismiss Schurman's petitions, arguing most of the claims are moot, all claims are either unexhausted or procedurally defaulted, and that on the merits, Schurman is

---

[3] Schurman's petition identifies the Eleventh Amendment as the constitutional source of her right to access the courts. Identifying the constitutional source of the well-recognized right to access the courts is a task that even courts struggle with. See Lewis v. Casey, 518 U.S. 343, 366 (1996) (Thomas, J., concurring) ("[T]he majority opinion in Bounds failed to identify a single provision of the Constitution to support the right [to access the courts.]"). The Supreme Court itself has identified five separate provisions from which the right is derived. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2022) (collecting cases). Despite the inconsistency, "[t]he Constitution guarantees prisoners a right to access the courts." White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). This Court will construe Schurman's petition as stating a violation of her right to access the courts generally.

not entitled to habeas relief. Doc. 14. Judge Duffy issued her Report and Recommendation granting Respondents' motion to dismiss, dismissing Schurman's 4113 petition without prejudice, and dismissing grounds 1–4 and 7 in her 4114 petition without prejudice and grounds 5–6 with prejudice. Doc. 22. The Report and Recommendation found that the first four claims in both petitions are moot because Schurman was discharged from her sentences in both 18-715 and 21-155. Id. at 13. The Report and Recommendation determined that Schurman's Fourth Amendment claim was not reviewable by a federal court and that Schurman's access to the court claim was not cognizable and that Schurman lacked standing to bring the claim. Id. at 14–16. Finally, the Report and Recommendation held that Fourteenth Amendment claim regarding tampering with evidence was procedurally defaulted. Id. at 18.

## II. Legal Standard

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). No objections to the Report and Recommendation have been filed in this case though Schurman appealed the Report and Recommendation to the Eighth Circuit. This Court has conducted a de novo review of the record, and for those reasons explained below, this Court adopts the Report and Recommendation as modified.

## III. Discussion

Both of Schurman's petitions should be dismissed in their entirety. Among her seven grounds for relief, ground 1 and ground 4 as it relates to her "right to bail" are moot. Grounds 2, 3, 5, and 6 are not cognizable claims on habeas review. Finally, ground 4 as it relates to the factual basis of her guilty plea and ground 7 are procedurally defaulted.

### A. Moot Claims

Grounds 1 and 4 in both of Schurman's petitions are moot. Section 2254 states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "'in custody' requirement of the habeas statute is satisfied as long as the petitioner was in custody at the time he filed his habeas petition." Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003) (citing Carafas v. LaVallee, 391 U.S. 234, 238–40 (1968)). Although Schurman is no longer in custody for the 18-715 and 21-155 convictions, Schurman was in custody at the time she filed both petitions on June 17, 2024. Doc. 1; 4113 Doc. 1. Thus, the "in custody" requirement is satisfied. However, Schurman's habeas petitions must still present a live case or controversy.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Murthy v. Missouri, 603 U.S. 43, 56 (2024). For this Court to exercise jurisdiction over Schurman's habeas petitions, Schurman must continue to have a "personal stake in the outcome." Lewis v. Continental, 494 U.S. 472, 478 (1990). "An incarcerated convict's . . . challenge to the validity of [her] conviction always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the

7

now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id.

When a petitioner whose sentence has expired seeks to challenge the underlying conviction, there is a presumption of collateral consequences. Id. at 8. As the Supreme Court observed, it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Sibron v. New York, 392 U.S. 40, 55 (1968). However, the Supreme Court in "Spencer counsels a cautious approach to the presumption of collateral consequences." Beachem v. Schriro, 141 F.3d 1292, 1294 (8th Cir. 1998). Indeed, the Supreme Court has been unwilling to extend that same presumption when a petitioner attacks some other aspect of criminal proceedings other than the conviction itself. See id. at 12 (refusing to extend presumption of collateral consequences to parole revocation). The presumption does not apply when a petitioner challenges her expired sentence. See United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (refusing to presume collateral consequences when defendant challenges an expired sentence). In the absence of a presumption, a petitioner bears the burden of identifying some ongoing collateral consequence that is traceable to the challenged activity to overcome mootness. Id. "Where the allegedly illegal punishment does not produce any collateral consequences independent of the underlying conviction, the case will be mooted by physical release." Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995).

Here, ground 1 in both of Schurman's petitions challenge the length of her sentences on the 18-715 and 21-155 convictions. However, she has been discharged from both sentences. Because the sentences she challenges are expired, her claims for relief are moot unless Schurman identifies some ongoing collateral consequences that is traceable to the expired sentence. Schurman has not identified any ongoing collateral consequences in her petitions. Thus, Schurman

8

has failed to meet her burden to overcome mootness. Ground 1 in both petitions is moot and must be dismissed with prejudice.

Ground 4 in both petitions alleges Schurman's Eighth Amendment "right to bail" was violated because her parole officer told her not to exercise her right to bail. Doc. 1 at 8; 4113 Doc. 1 at 10. Ground 4 as it relates to a "right to bail" is moot. Any claim to pretrial bail was mooted once Schurman was convicted. See Murphy v. Hunt, 455 U.S. 478, 481 (1982).

The Report and Recommendation also held that grounds 2 and 3 were moot. Grounds 2 and 3 involve "her alleged disparate treatment as a pro se litigant when inquiring about her sentence calculations." Doc. 22. These claims do not directly challenge the expired sentence, so Schurman's release from custody does not necessarily moot them in the absence of ongoing collateral consequences. However, the claims also do not challenge the conviction. Rather than hold the claims are moot, this Court addresses them below as noncognizable claims under habeas review.

### B. Noncognizable Claims

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus . . . .'" Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74 (2005)). As such, habeas corpus is improper when the petitioner fails to challenge the fact or duration of her confinement or would not be entitled to release from custody. See Spencer v. Haynes, 774 F.3d 467, 469 (8th Cir. 2014) (holding a habeas petition was not the proper claim where petitioner did not seek a remedy that would result in earlier release). "Where petitioner seeks a writ of habeas

9

corpus and fails to attack the validity of his sentence or the length of his state custody," the petition should be dismissed for lack of subject matter jurisdiction. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). To determine whether Schurman properly brought her claims under § 2254, this Court "must consider what [Schurman] is alleging, what relief [she] is seeking, and whether that relief is available through a petition for a writ of habeas corpus." Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993). "It is the substance of the relief sought which counts." Kruger, 77 F.3d at 1073.

Here, grounds 2, 3, and 6 do not challenge the fact or duration of her confinement nor would the claims entitle her to release from custody. "[R]ather [Schurman] raises . . . constitutional claims which relate to alleged incidents that have occurred subsequent to [her] incarceration." United States v. McMorrow, No. 1:08–cv–004, 2008 WL 215806, at *2 (D.N.D. Jan. 24, 2008). As stated above, grounds 2 and 3 involve "her alleged disparate treatment as a pro se litigant when inquiring about her sentence calculations" after she was already convicted. Doc. 22. Schurman also does not allege that the alleged mistreatment resulted in unlawful detention. In ground 6, Schurman alleges her right to access the courts was violated because her habeas corpus petitions were filed as motions in her criminal case rather than as a separate civil matter. "Whether prison officials have afforded [Schurman] sufficient access to the courts is unrelated to the fact or the duration of [Schurman's] confinement." Fiorito v. Fikes, No. 22-CV-0797, 2022 WL 16699472, at *4 (D. Minn. Nov. 3, 2022). Whatever the merits of the claims, they are not claims related to the legality of Schurman's confinement itself.

Additionally, ground 5 in Schurman's 4114 petition is not cognizable on habeas review. "A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide an opportunity for full and fair litigation of [the] claim." Palmer v. Clarke, 408 F.3d 423,

437 (8th Cir. 2005) (cleaned up and citation omitted). To show that she was not provided an opportunity for full and fair litigation of her Fourth Amendment claim, Schurman would need to demonstrate that the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation" or that the State "provided a corrective mechanism, but [she] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Chavez v. Weber, 497 F.3d 796, 802 (8th Cir. 2007) (cleaned up and citation omitted).

Here, Schurman had an opportunity for full and fair litigation of her claim. In case 21-155, Schurman filed a motion to suppress all evidence seized during the March 2021 search of Schurman's home by law enforcement and parole officers. 21-155 at 212. On September 14, 2021, the court held a hearing on her motion to suppress and heard testimony from the individuals involved with the search. Id. at 425. Schurman was present for the hearing but voluntarily left midway through the hearing. The court denied the motion to suppress, noting that Schurman consented to searches by parole officers as part of her parole agreement and that the officers had reasonable suspicion to search Schurman's home. Id. at 430–32. Schurman did not appeal the court's order. Schurman was provided with corrective procedures that address the alleged Fourth Amendment violation—she filed a motion to suppress and a hearing was held on the motion—and there is no indication that Schurman was precluded from utilizing the corrective procedures. Thus, Schurman's Fourth Amendment claim is not cognizable and must be dismissed with prejudice. See Palmer, 408 F.3d at 437.

### C. Exhaustion and Procedural Default

Finally, ground 4 as it relates to the factual bases of her guilty pleas and ground 7 are procedurally defaulted. Federal courts typically cannot consider a state prisoner's habeas claims unless the prisoner has already raised those claims in state court. O'Sullivan v. Boerckel, 526 U.S.

11

838, 842 (1999). Congress codified this requirement in § 2254, making state prisoners "exhaust[] the remedies available in the courts of the State" before they can obtain federal relief. 28 U.S.C. § 2254(b)(1)(A). "Ordinarily, a state prisoner satisfies this exhaustion requirement by raising [her] federal claim before the state courts in accordance with state procedures." Shinn v. Ramirez, 596 U.S. 366, 378 (2022). This includes "invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

If the petitioner is barred from raising her claims because "untimeliness or some other state procedural hurdle" prevents her from doing so, then she has technically exhausted her state court remedies as there are no longer any such remedies available. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011). Exhaustion in this sense, however, "does not automatically entitle the habeas petitioner to litigate [her] . . . claims in federal court." Woodford v. Ngo, 548 U.S. 81, 93 (2006). Rather, the state procedural rule will bar federal review if the rule is "independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (cleaned up and citation omitted). This "procedural default doctrine" is "an important 'corollary' to the exhaustion requirement." Davila v. Davis, 582 U.S. 521, 527 (2017). To avoid an independent and adequate state procedural bar, the petitioner must show "cause"—meaning "something external to the petitioner, something that cannot fairly be attributed to [her]" that hindered compliance with the state procedural rule—and "actual prejudice." Coleman v. Thompson, 501 U.S. 722, 750, 753 (1991). A petitioner can also avoid procedural default by "demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

In South Dakota, criminal defendants have a right to appeal the final judgment of conviction to the Supreme Court of South Dakota. See S.D.C.L. § 23A-32-2. However, the appeal must be taken within 30 days after the judgment is filed. See S.D.C.L. § 23A-32-15. This

12

requirement is jurisdictional, requiring dismissal of an appeal if it is not timely filed. Hansen v. S.D. Bd. of Pardons and Paroles, 601 N.W.2d 617, 619 (S.D. 1999). A state prisoner can also challenge her conviction by filing a state habeas petition under S.D.C.L. § 21-27-1. However, if a defendant fails to raise an issue on direct appeal, she cannot raise it for the first time in a state habeas petition because the "doctrine of res judicata disallows reconsidering an issue that was actually litigated or that could have been raised and decided in a prior action." See Ramos v. Weber, 616 N.W.2d 88, 91 (S.D. 2000). This Court recently held that the doctrine of res judicata is an independent and adequate state ground that bars federal habeas relief on a claim. See Piper v. South Dakota, 5:20-CV-05074, 2024 WL 1348502, at *19–22 (D.S.D. Mar. 29, 2024); see also Rhines v. Young, 899 F.3d 482, 490–91 (8th Cir. 2018) (holding res judicata as a matter of South Dakota law was an independent and adequate state ground barring federal habeas relief).

Schurman appealed the order revoking her suspended sentence and conviction in case 18-715. 18-715 at 429. However, Schurman failed to appeal within the thirty days required by S.D.C.L. § 23A-32-15, and thus could not challenge the factual basis of the guilty plea. Accordingly, her appeal was dismissed. Id. at 454. Schurman did not appeal her conviction in case 21-155 and is now barred from doing so by S.D.C.L. § 23A-32-15. On direct appeal, Schurman could have raised her challenge to the guilty plea and claim that her due process rights were violated from the alleged evidence tampering. She did not do so. Instead, Schurman filed a state habeas corpus petition challenging the factual basis of her guilty pleas in both 18-715 and 21-155 and alleging evidence in her cases was tampered with. Because Schurman failed to raise these issues on direct appeal, she was barred under the res judicata doctrine from raising them for the first time in a state habeas petition. See Ramos, 616 N.W.2d at 91. Further, because the doctrine of res judicata is an independent and adequate state ground that bars federal habeas relief,

13

Schurman's claims related to her guilty plea and alleged evidence tampering are procedurally defaulted unless Schurman can show cause for the default and actual prejudice, or demonstrate that failure to consider her claims will result in a fundamental miscarriage of justice.

To show cause, Schurman must show that her failure to comply with South Dakota procedural rules was attributable to "some objective factor external to the defense." Murray v. Carrier, 477 U.S. 478, 488 (1986). Schurman fails to make the necessary showing. Schurman suggests that the Supreme Court of South Dakota denied her relief in order to "intentionally deprive [her] relief and meaningful access to the courts with an agenda to cover up one anothers [sic] deeds in doing so." Doc. 10 at 4. Despite her accusation, Schurman was capable of timely filing an appeal. She appealed an order denying her motion to dismiss the indictment three days after the order was issued. 21-155 at 128. Schurman's unsupported accusations are insufficient to show cause. Absent a showing of cause, this Court need not consider actual prejudice. Dansby v. Payne, 47 F.4th 647, 660 (8th Cir. 2022).

To show a fundamental miscarriage of justice, Schurman must "present new evidence that affirmatively demonstrates that [she] is innocent of the crime for which [she] was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006). Schurman has presented no new evidence demonstrating she is innocent of the crimes she was convicted of in cases 18-715 and 21-155. Thus, Schurman's challenge to the factual bases of her guilty pleas and her claim that her due process rights were violated from the alleged evidence tampering are procedurally defaulted.

**IV.  Conclusion**

For good cause, it is hereby

ORDERED that Report and Recommendation, Doc. 22, is adopted as modified by this opinion and Respondent's motion to dismiss, Doc. 14, is granted.

DATED this 13th day of February, 2025.

                            BY THE COURT:

                            _____
                            ROBERTO A. LANGE
                            CHIEF JUDGE